Fred Miller Brew. Co. v. G. Heileman Brew. Co., 198 Ill. App. 178.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1802*—*when Appellate Court will reverse and remand case because of subsequent decision of Supreme Court on similar point.* Where Supreme Court holds point of law contrary to holding of Appellate Court in different case but in same term of court, the Appellate Court will reverse and remand such case which it had previously affirmed.

2. MUNICIPAL COURT OF CHICAGO, § 13*—*when statement of claim in action against city for personal injuries sufficient.* In fourth-class cases in the Municipal Court of Chicago, a statement of claim in an action against a city for personal injuries need not allege the giving of statutory notice of injuries to the city.

Fred Miller Brewing Company, Appellee, v. G. Heileman Brewing Company, Appellant.

### Gen. No. 21,835.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed March 7, 1916.

## Statement of the Case.

Action by Fred Miller Brewing Company, plaintiff, against G. Heileman Brewing Company, defendant, for the purchase price of saloon fixtures. From a judgment for $1,500 for plaintiff, defendant appeals.

Plaintiff was lessee of premises at No. 2109 Wabash avenue and the owner of saloon and restaurant fixtures therein. In March, 1912, representatives of plaintiff had a conversation with Walter G. Mueller, who was manager of the Chicago branch of the defendant company, whose main office was in Wisconsin, at which time the saloon business was not conducted in these premises because the saloon license had been

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

revoked. During this conversation it was agreed between these representatives of the respective breweries that the defendant would purchase from the plaintiff the fixtures and furniture contained in the premises and also the lease, which would be assigned to the defendant, but that the $1,500 purchase price would not be paid until Mr. Mueller was sure the license would be restored. The lease was dated January 20, 1912, and ran to the plaintiff as lessee, and at this time, by apt words in writing, the lease was assigned from plaintiff to defendant, the defendant signing "G. Heileman Brewing Company (Seal), by Walter G. Mueller." The landlord consented to this assignment. At the same time, by another writing signed by the respective parties in the same manner, it was agreed that the furniture in the saloon should be sold by the plaintiff to the defendant, the defendant agreeing to pay therefor the sum of $1,500 as soon as a saloon license should issue from the City of Chicago for the operation of a saloon on said premises. Later on this license was issued, and on June 13, 1912, the saloon business was resumed.

Defendant entered into possession of the premises and furniture, and paid rent under the lease from and including June, 1912, until the expiration of the lease on April 30, 1913. It used the furniture in question during all of this time, and never offered to return the same or to reassign the lease. After the license was issued request was made of defendant to pay the $1,500, which was refused by the defendant.

Wilkerson, Cassels & Potter, for appellant; Edwin H. Cassels and Kenneth B. Hawkins, of counsel.

Winston, Payne, Strawn & Shaw, for appellee; Arthur C. Marriott, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

CORPORATIONS, § 384*—*when taking of assignment of lease deemed ratified.* Although the representative of a brewing company may not have had authority to take assignment of lease of saloon premises and to purchase the fixtures therein, in the first instance, the company must be *held* to have ratified the agreement where it had knowledge thereof, and, while protesting as to the price, nevertheless continued to hold possession of the fixtures and leased premises and never offered to return the furniture to the lessee.

### Walter J. Becker, Appellee, v. Sievert Hollesen, Appellant.

### Gen. No. 21,875.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in this court at the October term, 1915. Reversed and judgment here. Opinion filed March 7, 1916. Rehearing denied March 20, 1916.

### Statement of the Case.

Action by Walter J. Becker, plaintiff, against Sievert Hollesen, defendant, for commission of $1,375 for procuring purchasers for defendant's real estate. From a judgment in favor of plaintiff for the amount claimed, defendant appeals.

Plaintiff alleged that in January, 1913, defendant promised to pay him two and one-half per cent. commission if plaintiff would procure purchasers for certain real estate belonging to defendant, at a price of $55,000; that about April 14, 1913, plaintiff did so, but defendant refused to abide by his promise.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.